UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

v.                                    CRIMINAL ACTION NO. 2:05-00180

**JAMES GOOSLIN**

FINDINGS OF FACT AND CONCLUSIONS OF LAW
<u>MEMORANDUM OPINION AND ORDER</u>

The Superseding Indictment in this case charges the defendant with one violation of 21 U.S.C. § 846, conspiracy to distribute cocaine; four violations of 21 U.S.C. § 841(a)(1), distribution of cocaine; and one violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute hydrocodone. The Superseding Indictment also seeks forfeiture in accordance with 21 U.S.C. § 853(a) and Rules 7(c)(2) and 32.2(a) of the Federal Rules of Criminal Procedure, of the sum of $154,000 in United States currency, alleging that it constitutes the gross proceeds obtained by the defendant as the result of the conspiracy offense set forth in Count One.

On October 3, 2006, the defendant proceeded to trial on the above-referenced charges. Following a two-day jury trial, the jury returned guilty verdicts against him on all six counts, including the conspiracy count to which the forfeiture

allegation related.  The parties opted for the court to determine what, if any, amount should be awarded as a forfeiture judgment, based upon the evidence presented at trial and upon any additional evidence subsequently presented by the parties.

Count One of the Superseding Indictment charged a drug conspiracy offense committed by the defendant for a period of 15 months, that is, conspiracy to distribute more than five kilograms of cocaine from at least November 2003 to February 28, 2005.  The Superseding Indictment further alleged that the defendant derived gross proceeds from that offense in the amount of $154,000, more or less, for which a forfeiture judgment would be sought.

The defendant admitted in a statement given to West Virginia State Trooper Mike Smith, at the time of execution of the search warrant on Gooslin's residence, that he had been selling cocaine for 18 months.  (Tr. 48-59; Govt. Ex. 12).  The defendant further told Trooper Smith that "(h)e had been obtaining 3 to 4 ounces a week, and breaking it down . . . into half gram units . . . And . . . just about double(d) his money by buying it by the ounce and cutting it down to the half gram, . . . "  (Tr. 58-59; Govt. Ex. 12).  Trooper Smith estimated

that, on the "low end," the defendant sold over six kilograms of cocaine during the 18 month period that Gooslin admitted selling it. (Tr. 59). Inasmuch as the Superseding Indictment charges the period of the conspiracy to be 15 months, the defendant's admission to Trooper Smith that he sold 3 to 4 ounces a week would, as a consequence, constitute an admission by Gooslin to having sold, conservatively, approximately 195 ounces of cocaine during the 15-month conspiracy, being 3 ounces per week for 65 weeks. Trooper Smith further testified that the street value of cocaine generally is between $1,000 and $1,200 per ounce. (Tr. 60). Accordingly, the defendant derived gross proceeds of at least $195,000 from the sale of approximately 195 ounces of cocaine during the conspiracy.

The defendant further admitted to Trooper Smith that he was selling the half-gram units of cocaine for $50 per unit. (Tr. 59; Govt. Ex. 12). Government witnesses Timothy Justice, Samantha Moore and co-defendant Atwood testified at trial that they purchased half-gram units of cocaine from, or sold half-gram units of cocaine on behalf of, the defendant for $50 per unit. (Tr. 100-01; 103-04; 120;135-37). Atwood testified that he sold cocaine for the defendant for a period of at least two

years.  (Tr. 135-36).  Government witness Samantha Moore testified to having a significant cocaine addiction from 2001 to 2005 and that the defendant was her cocaine source during at least 2003-04 (Tr. 99-100).

Trooper Smith, utilizing Timothy Justice and Samantha Moore as cooperating individuals in the investigation, made the following controlled buys from the defendant:  two one-half grams of cocaine for $100 on November 19, 2003 (Tr. 105-06); two separate purchases of one-half grams of cocaine on January 7, 2004, for $50 each (Tr. 106); and 25 one-half gram packages of cocaine on December 22, 2004, for $1,000.  (Tr. 199-21; Govt. Ex. 10).  These controlled buys form the bases for Counts Two, Three and Four of the Superseding Indictment for which defendant Gooslin was convicted.

Applying these figures (one-half gram sale for $50) results in gross proceeds per gram of $100 each which equals approximately $2,800 per ounce which, in turn, when multiplied by 195 ounces over the 15-month period of the conspiracy, equals $546,000, being the gross proceeds during the period of the conspiracy.  This result corroborates Gooslin's admission to having doubled his money by breaking down the cocaine and

4

selling it in half gram quantities and amply supports the government's forfeiture claim of $154,000.

The evidence admitted at the defendant's trial, viewed in light of reasonable inferences that may be drawn from that evidence, establishes by a preponderance that the defendant derived gross proceeds from and during the 15-month conspiracy to distribute cocaine of at least $154,000.  Accordingly, it is ORDERED that the United States is awarded judgment in its favor against the defendant in the amount of $154,000 together with interest at the prevailing legal rate.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department and the United States Marshal.

DATED: January 22, 2007

_____
John T. Copenhaver, Jr.
United States District Judge