```
           UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**JAMES GOOSLIN,**

    Movant

v.                                                               CIVIL ACTION NO. 2:08-0001
                                                             (Criminal No. 2:05-00180)

**UNITED STATES OF AMERICA,**

    Respondent


## MEMORANDUM OPINION AND ORDER

Pending is the motion of James Gooslin, pursuant to 28 U.S.C. § 2255, filed January 2, 2008.

On March 16, 2009, the Honorable Mary E. Stanley, United States Magistrate Judge, entered her proposed findings and recommendation pursuant to 28 U.S.C. § 636. The magistrate judge recommends that the motion be denied inasmuch as the movant has not demonstrated entitlement to relief. After receiving a 67 day extension of time, the movant filed his objections on May 14, 2009.

The grand jury charged that movant engaged in (1) a conspiracy to distribute 10 kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (Count One), (2) three counts of distribution of cocaine (Counts Two through Four), and (3) two

counts of possession of cocaine with intent to distribute (Counts Five and Six).  Following a jury trial, movant was convicted on all counts.  The Judgment imposed a sentence of 188 months, to be followed by a five-year term of supervised release.  Movant's counsel noticed a timely appeal of the Judgment, which was later dismissed voluntarily.  Movant seeks the vacatur, set aside, or correction of his conviction and sentence.

The basis for movant's request is the alleged constitutionally deficient representation rendered by his trial and appellate counsel, who is now deceased.  In particular, movant alleges the following deficiencies:

1.  A motion to suppress seized evidence should have been filed;

2.  An investigation of witness Samantha Moore should have been conducted;

3.  An investigation of witness Timothy Justice should have been conducted;

4.  A motion to suppress movant's statement to a law enforcement officer should have been filed;

5.  Movant's mental competency should have been investigated;

6.  An investigation of movant's neighborhood should have been conducted.

Additionally, movant's pro se "motion to sue [his] attorney Michael R. Cline" adds the following allegations of ineffective assistance of counsel:

1. Mr. Cline failed to show the jury a lease receipt, signed by Donald Barry Atwood, for the property where the drugs were found;

2. Mr. Cline failed to cross-examine Samantha Moore to inform the jury of her criminal history and her motive to help her husband by serving as an informant;

3. Mr. Cline failed to inform the jury, through cross examination of Timothy Justice, that Justice received $600 from the United States and that Justice had a criminal record in Kentucky;

4. Mr. Cline failed to move to suppress movant's statement to law enforcement on the grounds that he can neither read nor write and did not knowingly and intelligently make the statement;

5. Mr. Cline failed to present movant's mental health records to the jury;

6. Mr. Cline advised movant that "the judge would not let him do his job[;]"

7. Mr. Cline failed to object to the presentence report;

3

8. Mr. Cline failed to inform the jury that the United States took movant's guns, sold them, and tried to add four or five years to his sentence for the guns; and

9. Mr. Cline just sat at the trial and did not open his mouth.[1]

As to the first ground, namely, that movant's counsel failed to move to suppress seized evidence, the magistrate judge concluded, <u>inter alia</u>, that movant was not prejudiced by counsel's tactical decision. In his objections, movant appears to reargue the evidentiary record supporting his view of the merits of a motion to suppress. The objection does not meet, much less overcome, the magistrate judge's thorough analysis

---

[1] One additional allegation, apparently raised for the first time in movant's objections, merits mention as well. The forfeiture allegations contained in the superseding indictment related to the criminal conspiracy alleged in Count One. The parties opted for a determination by the court as to the amount of the forfeiture judgment, based upon the evidence presented at trial and any further evidence offered prior to the Judgment. On January 22, 2007, the court concluded that the sum of $154,000 was the appropriate amount for forfeiture. The sum was included in the Judgment and supported by a memorandum opinion and order fixing the amount imposed.

Movant now appears to challenge the United States' attempt to levy on that part of the Judgment that included the forfeiture amount. Specifically, he contends that the United States has sold, or is seeking to have sold, certain residential property that "was in Gooslin's wife's name." (Objecs. at 1). This challenge to levy procedures is not properly before the court in a motion pursuant to section 2255, which merely tests whether the conviction and sentence were in accordance with the Constitution and laws of the United States. The court, accordingly, does not reach movant's forfeiture argument.

respecting why the failure to move for suppression did not contravene the deferential standard set forth in Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  The court, accordingly, concludes that the objection is not meritorious.

As to the alleged deficient failure to cross-examine Samantha Moore, and thereby inform the jury of her criminal history and her motive to assist her spouse who then faced criminal charges, the magistrate judge aptly concluded that Mr. Cline cross-examined Ms. Moore in a manner that informed the jury she had prior criminal charges and that she worked as an informant to assist her spouse.

In his objections, movant repeats arguments adequately addressed by the magistrate judge and also asserts that counsel should have explored on cross examination the fact that the state had removed Ms. Moore's children from her home and that she "staid [sic] Drunk [sic] and was hooked on cocaine."  Cross examination concerning the removal of Moore's children was a volatile subject well within the realm of tactical decision making.  Further, the jury was already aware of Moore's use of controlled substances.  Evidence concerning additional substance abuse would have been of marginal assistance to the defense.  The court, accordingly, concludes that the objection is not meritorious.

5

As to the alleged deficient failure to investigate and cross-examine Timothy Justice, movant raises for the first time in his objections certain bare allegations that Justice engaged in alleged insurance fraud activities and unfairness to the elderly.  He contends Mr. Cline should have investigated and cross examined Justice on these matters.  Assuming counsel unreasonably failed to do so, movant cannot demonstrate the failure was prejudicial to him under the second prong of the <u>Strickland</u> test.  The jury was informed on direct examination that Justice became an informant in order to make money and that he had written bad checks.  In view of the entire body of evidence introduced against movant at trial, as summarized at pages 2 and 3 of the magistrate judge's proposed findings and recommendation, the failure to cross examine Justice on the omitted points was inconsequential.  The court, accordingly, concludes that the objection is not meritorious.

Based upon a <u>de</u> <u>novo</u> review of the additional objections and contentions lodged by the movant, the court concludes that they are either not meritorious or were fully addressed by the magistrate judge.  The court, accordingly, adopts and incorporates herein the magistrate judge's proposed findings and recommendation and ORDERS that movant's section 2255

motion be, and it hereby is, denied.[2]  It is further ORDERED that the "motion to sue attorney Michael R. Cline," filed August 25, 2008, be, and it hereby is, denied without prejudice.

Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), movant shall have sixty days after the date of entry of this memorandum opinion and order in which to appeal.  The failure within that period to file with the Clerk of this court a notice of appeal of the Judgment will render this memorandum opinion and order and the Judgment final and unappealable.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the United States Magistrate Judge.

DATED: June 19, 2009

_____
John T. Copenhaver, Jr.
United States District Judge

---

[2] Movant has additionally filed on June 8, 2009, a "Motion to get jury's names."  He speculates that some of the jurors may have falsely represented their criminal history.  Movant was made aware of the jurors' names during voir dire.  Further, he does not allege that his counsel failed to adequately investigate the jurors' backgrounds.  Also, courts have observed generally that a juror's deceit concerning prior brushes with the law typically "create[s] a[n] . . . inference . . . that she might well be biased in favor of defendants in general . . . ."  United States v. Ross, 263 F.3d 844, 847 (8th Cir. 2001).  Based upon these and other considerations, the court ORDERS that movant's motion be, and it hereby is, denied without prejudice to a proper showing of necessity.